## Case No. 17,668.

### WILKINSON v. BABBITT.

[4 Dill. 207.] [1]

Circuit Court, W. D. Missouri. 1877.

UNITED STATES AS A PREFERRED CREDITOR—SUBROGATION.

The complainant, as collector of internal revenue, *held* not entitled, by way of subrogation, to the rights of the United States as a preferred creditor.

[Cited in Dorian v. City of Shreveport, 28 Fed. 295; German Bank v. U. S., 148 U. S. 581, 13 Sup. Ct. 705.]

[Cited in Goble v. O'Connor (Neb.) 61 N. W. 135.]

This was an appeal from a decree of the district court [of the United States for the Western district of Missouri] sustaining a demurrer to the bill of complaint and dismissing the bill. [Case unreported.] The bill charged that the defendant [James C. Babbitt] is the assignee in bankruptcy of the Union German Savings Bank; that the bank had been adjudged a bankrupt April 3d, 1873; that at the time of the bankruptcy there was on deposit in the bank $1,062.62, moneys belonging to the United States, which had been placed there by one Voede, who, at the time of such deposit, was a deputy collector under the complainant [C. B. Wilkinson], who was collector of internal revenue; that the moneys so deposited were moneys arising from collections of internal revenue. The complainant, as required by law, paid the aforesaid sum into the treasury. The complainant, in his bill, claimed that by the deposit of the money in the bank he became the surety of Voede, and of the bank to the United States; and that the United States, until the 3d of April, 1873, had a cause of action against the bank and Voede; and that, by virtue of the payment of the said sum of $1,062.62 to the United States by complainant, he became entitled to the preference of

[1] [Reprinted from 3 N. B. R. 286 (Quarto, 74) by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the United States as against the bank, and asked to be so subrogated as a preferred creditor. The defendant demurred.

James S. Botsford, for appellant.

Henry Flanagan and H. N. Ess, for respondents.

DILLON, Circuit Judge. The deposit of the money by Voede in the Union German Savings Bank was the act of complainant; the deputy, who is his appointee, authorized by law, derives the breath of life from the collector—is appointed by, and receives his pay from, and is removable at the pleasure of, the collector. The deposit of money in the bank did not create the bank the principal debtor. and the complainant the surety. The various sections of the internal revenue act of 1862 [12 Stat. 432] show that the collector is the only person known to the law as the custodian of the revenue collected, until it is paid into the proper depository. While the doctrine of subrogation, which entitles the surety to all of the liens and securities of the creditor. on paying the latter the debt of the principal, is fully recognized in equity, and in certain cases at law, this is not a case for its application. and complainant is not entitled to be subrogated to the rights of the United States as a preferred creditor against the bank; and, moreover, under the acts of congress. the deposit of the money in the bank. by Voede or Wilkinson, was positively forbidden. and the deposit there was unlawful. The complainant. therefore. is not in a position to ask the aid of a court of equity to give him the fruits of an unlawful act, and to do so would encourage other officers in the violation of the law. Affirmed.